UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE BARNES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                            /

File No. 1:07-CV-1000

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Claude Barnes's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

Movant Claude Barnes was convicted after a jury trial of one count of distribution of more than five grams of cocaine base, and one count of distribution of more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Movant was sentenced to 168 months in prison on each count, to be served concurrently. *United States v. Barnes*, No. 1:04-CR-109 (Dkt. No. 52, 01/04/2005 J.) Movant's convictions were upheld on appeal, but his sentence was vacated and remanded for re-sentencing under a post-*Booker* advisory guidelines scheme. *United States v. Barnes*, 183 F. App'x 526 (6th Cir. 2006). On re-sentencing, the Court sentenced Movant to 120 months on each count, to be served concurrently. *Barnes*, No. 1:04-CR-109 (Dkt. No. 81, Am. J.).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant has raised four grounds for habeas relief. Movant's first ground for relief is his contention that trial counsel was ineffective for failing to raise four interrelated expert witness issues.

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that

3

counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

The first expert witness issue raised by Movant is his contention that trial counsel was ineffective for failing to object to the government's elicitation of expert witness testimony from at least three witnesses without first having the witnesses qualified by the trial court as expert witnesses.

The government presented the testimony of three expert witnesses: Michele Glasgow from the Michigan State Police Forensic Crime Laboratory Latent Fingerprint Unit relative to the identification of Defendant's finger and palm prints on firearms, and Sandra Romanek, and Jeffrey Rosenthal, Forensic Scientists from the Michigan State Police Forensic Crime Laboratory, relative to the identification of controlled substances. The government reviewed the qualifications of each witness on the record, and defense counsel raised no objections.

Movant does not challenge these witnesses' credentials, expertise, or qualification to testify as experts. Rather, Movant contends that the failure to formally qualify these witnesses as experts violated Movant's right to a fair trial and due process of law.

It is the practice in this district not to tender and qualify unopposed expert witnesses. This practice is consistent with the Sixth Circuit's advice that "'[e]xcept in ruling on an objection, the court should not, in the presence of the jury, declare that a witness is qualified

as an expert or to render an expert opinion and counsel should not ask the court to do so.'" *United States v. Johnson*, 488 F.3d 690, 697-98 (6th Cir. 2007) (quoting ABA Civil Trial Practice Standard 17 (Feb.1998)). "[T]he proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony." *Id.* at 698. If the opponent objects, then the court should rule on the objection, allowing voir dire if necessary and requested. *Id.* This practice inures to the benefit of the defendant because it avoids the appearance that the court is endorsing the government's expert witness. *Id.* at 698.

Movant's objection is one of form over substance and it lacks merit. Trial counsel's strategic decision not to object to the government's failure to formally qualify these witnesses did not fall below and objective standard of reasonableness and there is no reasonable probability that counsel's "errors" affected the outcome of the proceeding.

The second expert witness issue raised by Movant is his contention that trial counsel was ineffective for failing to object to the trial court's negligence in performing its evidentiary gatekeeping function pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The Supreme Court has recognized that the court is not required to make unnecessary reliability findings where the reliability of an expert's methods is properly taken for granted. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). This was just such a case. The government asked the experts qualifying and foundational questions, and proceeded to elicit the opinion testimony. The qualification of fingerprint and drug identification experts from the Michigan

5

State Police Forensic Crime Laboratory is a routine procedure and the reliability of these experts and their methodology was not in question. Again, counsel's failure to object to a procedure that benefitted his client did not fall below an objective standard of reasonableness and there is no reasonable probability that counsel's "errors" affected the outcome of the proceeding.

The third expert witness issue raised by Movant is his contention that trial counsel was ineffective for failing to object to Officer Frank Mobley testifying as both fact and expert witness, and in failing to request that the jury be given a cautionary instruction regarding Officer Mobley's dual roles.

The Court of Appeals reviewed Mobley's testimony and determined that his testimony "did not involve the offering of any expert opinion." *Barnes*, 183 F. App'x at 531. Mobley testified solely as a fact witness. Accordingly, it was not error for counsel to fail to object to his testimony or to request a cautionary instruction regarding the dual nature of his testimony.

The fourth expert witness issue raised by Movant is his contention that trial counsel was ineffective for failing to object to the giving of an expert witness instruction at the close of the government's case-in-chief when no experts had been formally qualified.

The Court followed the recommended Sixth Circuit procedure by instructing the jury according to the Pattern Sixth Circuit expert witness jury instruction procedure regarding the three fingerprint and drug identification witnesses. Where, as here, Movant does not object

6

to the witnesses' credentials, expertise, or qualifications to testify as experts, there is no merit to his argument that counsel was ineffective for failing to object to the expert witness instruction.

Movant's second ground for relief is his contention that appellate counsel was ineffective for failing to argue that the district court violated Rule 702 and abandoned its gatekeeping obligation provided for under *Daubert*. Because, as noted above, Movant cannot show error by trial counsel or the Court, he cannot show ineffective assistance of appellate counsel for failing to raise this issue on appeal.

Movant's third ground for relief is his contention is that the sentence imposed by the district court was unreasonable. He explains that he raised this issue to preserve it for future litigation in the event that *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), were decided favorably to him. *Kimbrough* and *Gall* have been decided and they have no effect on Movant's statutory mandatory minimum sentence.

Movant's fourth ground for relief is his contention that he is entitled to an evidentiary hearing to prove facts supporting his claim. Movant has not identified any facts that are in contention and the Court is aware of none. The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255, so no evidentiary hearing is required to resolve the merits of the pending motion. Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: January 8, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE